Roosevelt, J.
 

 The main point to be determined in this case is whether an assignment and confession of judgment, executed by one Peck to Rathbun and Dow, are valid or void. From the decision of the Supreme Court, sustaining 'their validity, the defendant, on behalf of the general creditors, appeals to this court.
 

 The object of the judgment confessed by Peck, as appears from the sworn statement, was to secure the plaintiffs as
 
 *557
 
 accommodation indorsers of Ms drafts. The object of the assignment, which was executed more than five months subsequently, was to pay all the creditors in a certain order of preference, the plaintiffs being-first. The judgment of itself was only a lien on real estate; the assignment disposed of the whole “ personal estate ” of the debtor, and authorized the assignees to compound doubtful clamis and to use the confessed judgment to perfect title to his real estate, declaring that whatever might be realized therefrom, “ over and above previous liens thereon,” should be assets in their hands, to be paid to the creditors according to the terms of the assignment. The two transactions together were in effect a transfer of the whole real and personal estate of the debtor, with one important exception; and the question is, does that exception render the assignment void. A sale of the real estate was authorized, but only in a qualified manner, that is to say, subject to redemption. But how can that condition, sanctioned as it is and even imposed by the law itself, be legal evidence of fraud? The privilege of redemption, like the privilege of preference, whether wise or unwise, is legal-, and being legal it cannot per
 
 se
 
 be fraudulent in law. It may, as it certainly does, “ delay creditors;” but the legislature, as they had a right to do, have themselves created that delay, and it is not for the courts, in matters not constitutional, to nullify the legislative will. If the decision of the late chancellor, in
 
 Farnham
 
 v.
 
 Campbell
 
 (10
 
 Paige,
 
 598), be sound law, the privilege of redemption does not even delay creditors legally; inasmuch as they may levy on the rents and profits, or value of the use of the property for the twelve months during which the right to redeem continues. Should it be said that the mere right to redeem, independently of the intermediate rents, is itself a valuable interest, which the debtor in the present assignment has in effect reserved to himself, the ready answer is, that the right can only be exercised, if at all, for the benefit of creditors in preference
 
 *558
 
 to the debtor; their benefit is made paramount to his theirs is certain, his contingent, as well as subordinate.
 

 As to the authority given by the debtor to his assignees to make compositions, it will be observed that it has no application to claims against, but to claims in favor of, the debtor. It presents, therefore, simply the question whether assignees, in the collection of debts due to the assignor, can be authorized by Mm, “ in the exercise of a sound discretion, to compromise such as are doubtful,” without a necessary implication of fraudulent intent.
 

 Where assignees of insolvent debtors are appointed by judicial officers, it is declared by the statute (S
 
 R. S, 42)
 
 that they shall have power, “under the order of such officer,” to compound with any person indebted to the estate. I do not perceive, however, that the principio involved in this limitation (the letter certainly has nothing to do with the case) has any necessary application to private assignments, where the debtor, selecting his own assignee, will of course be careful to protect his own interest, which, in this respect, is identical with the interest of his creditors, as he gets no full discharge unless they are paid in full, and no partial discharge beyond the dividend, larger or smaller, realized from the assets assigned. Compositions, instead of increasing, diminish the nominal assets; instead of nursing the estate by “ delay,” so as to enhance the probability of a surplus for his benefit, they tend to a more speedy realization, at the expense of a possible sacrifice, to some extent, of his interests. The composition power, therefore, it is obvious, is not obnoxious to the usual objections against voluntary assignments. It can in no sense be called a reservation in favor of the debtor, except in the honest and lawful sense of paying his debts as far and as fast as possible.
 

 An objection was taken to the form of the confession of judgment, and authorities were cited which it was supposed were fatal to its validity. The statute no doubt requires " that the consideration of the liability as well as the liability
 
 *559
 
 itself should be specified in the statement. Hence the mere statement of the making of a promissory note “ for value received ” has been justly held to be insufficient. But in the present instance the consideration is specified. The statement amounts to saying that if the plaintiff would indorse the defendant’s paper they would secure them by judgment against the consequences. A judgment, says the Code (§382), may be entered by confession “to secure any person against contingent liability on behalf of the defendant,” provided it “ state concisely the facts constituting the liability and show that the sum confessed does not exceed the same.” Here the notes indorsed were fully set forth, in names, dates, amounts and times of payment, and the further fact that the indorsements were made “ as surety.” The statement therefore complies with the law in every particular.
 

 The judgment of the Supreme Court in favor of the plaintiffs should be affirmed with costs.
 

 Selden and Strong, Js., dissented from that part of the preceding opinion relating to the power of compromising debts. Pratt, J., dissented from that relating to the effect of the virtual reservation by the assignor of the right of redemption in his real estate. All the other judges concurring,
 

 Judgment affirmed.