McDowell *v.* Daniels.

---

GEORGE W. McDOWELL *vs.* CHARLES W. DANIELS.

THE SAME *vs.* THE SAME.

EBENEZER DANIELS *vs.* CHARLES W. DANIELS.

GEORGE W. McDOWELL *vs.* THE SAME.

Requisites and sufficiency of the statement of indebtedness upon which to enter a judgment by confession.

It was not the object of the statute requiring such statement, to compel the debtor to state enough of the transaction out of which the indebtedness arose to enable other creditors to form an opinion, *from the facts stated,* as to the integrity of the debtor, in confessing the judgment; but to require him to state enough of the facts to enable creditors to inquire into the transaction, and to form an opinion of the honesty of the judgment, from the facts *they shall ascertain.*

A statement alleging that the judgment is for " cash loaned to defendant for his use in the year 1854, and there is unpaid on said loan one thousand and seventy dollars," is insufficient.

A statement alleging that the judgment is for cash loaned the defendant, and paid for his use and at his request, and interest thereon; stating various sums or items with sufficient particularity as to time, making up the sum for which judgment is confessed; but not stating which items or sums were loaned to the defendant, and which were paid for his use; and not distinguishing at all between the sums loaned to the defendant and the sums paid for his use; nor stating to whom any item or sum was paid for the use of the defendant, is insufficient.

Judgments by confession, entered on insufficient statements, being by the statute pronounced void, as to other judgment creditors, cannot be supported by affidavits, on a motion to set them aside for irregularity.

APPEALS from orders made at a special term setting aside the judgments entered by confession in the first two of the above cases, and denying a motion to set aside the judgments in the last two cases.

*By the Court,* SUTHERLAND, J. The statute (*Code,* § 383) requires that the statement to sustain a judgment by confession, for money due or to become due, should set forth concisely "the facts out of which it arose, and must show that the sum confessed is justly due or to become due." If the judgment be for the purpose of securing the plaintiff against a contingent liability, "it must state concisely the facts constituting the liability, and must show that the sum confessed does not exceed the same."

The judgment in favor of George W. McDowell for $9000 and costs, purports to be for money to become due; and the statement on which it was entered states the facts upon which the confession of judgment is founded, as follows: "A bond of Charles W. Daniels, dated December 1st, 1858, for nine thousand dollars, given for the balance of purchase money for certain real, mill property, in Steuben county, town of Canisteo, conveyed by George W. McDowell to Charles W. Daniels." We have here a concise statement of the facts out of which the debt of $9000 to become due arose, and the date and consideration of the bond. The statement is, that it was given by Daniels to McDowell for the balance of the purchase money of certain real estate, mill property, in the town of Canisteo, Steuben county, conveyed by McDowell to Daniels. It is true, it is a *concise* statement of the facts out of which the consideration of the bond arose. Whether the mill property was a saw-mill or a grist-mill, or propelled by wind, water or steam; or whether, if a grist-mill, it had one or more run of stones, or how much land constituted, or was connected with, the mill property; or what the whole price or purchase money was, is not stated; but we have the fact and time of the conveyance for money

McDowell *v.* Daniels.

plainly imported, and the balance due for the purchase money expressly stated. The debt, or consideration of the bond, was the balance of purchase money, and arose out of the sale and conveyance of the real estate; but I am not prepared to say that a concise statement of the facts of the sale and conveyance involves a statement of the precise amount of purchase money paid and agreed to be paid. If $9000 was justly owing and to become due from Daniels to McDowell for the balance of purchase money, why should other creditors of Daniels be informed as to the number of acres sold, the whole price or purchase money paid and agreed to be paid; or how could such other creditors be benefited by a particular description of the mill property conveyed? Other creditors of Daniels are not obliged to take his statement under oath, that the debt is justly due, or to become due. They have a right to inquire into the honesty of the debt and of the transaction. To enable them to do so—to get on the track of the fraud if there is any—the statute requires the *concise* statement of facts. This statement gives enough of the transaction, I think, to enable other creditors of Daniels to inquire into its truthfulness, and the honesty of the alleged debt.

I do not think it can properly be said that the object of the statute was to compel the debtor to state sufficient of the transaction out of which the indebtedness arose, to enable other creditors to form an opinion *from the facts stated,* as to the integrity of the debtor in confessing the judgment. If the debt is questioned, it is not to be presumed that the creditor questioning will take the debtor's statement, however full. What the creditor wants, and what I think the statute intended he should have, is sufficient of the facts to enable him to inquire into the transaction, and to form his opinion of the honesty of the judgment from the facts *he shall ascertain.*

It is true, the statement does not say when the money is to become due; but if it is a just debt, and to become due,

does it make any difference to other creditors when it is to become due? The statute allows a just debt, to become due, to be secured by confession of judgment. I think the statement is sufficient to sustain the judgment.

It would not be very profitable to examine, or even refer to, the various and numerous decisions on the question of the sufficiency of particular statements. In *Thompson* v. *Van Vechten*, (5 *Abbott*, 458,) the statement was, that the indebtedness arose *on* a sale and conveyance by the plaintiff to the defendant. It did not distinctly state that the indebtedness was for the purchase money, or part of the purchase money.

I think, also, that the statement on which the judgment in favor of McDowell for $1710.93 and costs was entered, is sufficient. It plainly imports that the drafts therein mentioned were indorsed by McDowell for the benefit of Daniels, the drawer. It says that the judgment is confessed for a debt justly owing and to become due to McDowell; that all the drafts were drawn on Samuel Hallett & Co., without funds in the hands of the drawees; that McDowell is liable to pay them all when due, including the one alleged to have become due and to have been protested. The date and amount of each of the drafts, and the time they had to run, is given. The day when each is due is also mentioned, except the first, which is stated to be " dated October 27, 1859, at 84 days, payable at Metropolitan Bank." I do not see very well how this statement could have been more complete, and I think it abundantly sufficient. It is true the drafts may in fact have been drawn for the benefit of McDowell, the indorser, but such fact would be plainly inconsistent with the plain import of the statement. At all events, facts are stated with sufficient certainty as to time, amounts, &c., to enable other creditors to inquire into the transactions, and the honesty of the judgment. I think *Dow* v. *Platner* (16 *N. Y. Rep.* 562) may be cited to show that this statement is sufficient. It was not necessary for the statement to negative a fact inconsistent

McDowell *v.* Daniels.

with its plain import. (*Lanning* v. *Carpenter*, 20 *N, Y. Rep.* 448, *opinion of Comstock, J., p. 559.*)

I am inclined to think that the statements on which the other two judgments were entered, one in favor of Ebenezer Daniels for $1070 and costs, and the other in favor of George W. McDowell for $1224.04 and costs, are insufficient. The statement in the case of Ebenezer Daniels is, that the judgment is for " cash loaned to defendant for his use in the year 1854, and there is unpaid on said loan one thousand and seventy dollars." It may well be doubted, whether this is even a concise statement of the facts out of which the alleged indebtedness arose. The debt for which the judgment is confessed arose out of the transaction in 1854. The balance alleged to be due, for which the judgment is confessed, is the result of the transaction in 1854. The transaction in 1854 is alleged to have been a loan to the defendant. I think the statement fairly imports a loan by the plaintiff to the defendant; but it does not state or import how much, or what sum was so loaned in 1854. Where the whole transaction is simply a loan of money by the plaintiff to the defendant, certainly even a concise statement of it calls for the amount or sum loaned. How much of the $1070 was loaned, and how much, if any, is for interest, the statement does not say.

The statement on which the judgment in favor of Mc-Dowell for $1224.04 and costs was entered is, that it is for cash loaned the defendant, paid for his use and at his request, and interest thereon, stating various sums or items with sufficient particularity as to time, making up the sum of $1224.04; but it does not state which items or sums were loaned to the defendant, and which paid for his use. It does not distinguish at all between the sums or items loaned to the defendant, and the sums or items paid for his use. Nor does it state to whom any item or sum was paid for the use of the defendant. This cannot be called even a concise statement of the facts out of which the alleged indebtedness of $1224.04 arose. Other creditors have a right to have the

names of the party or parties to whom the money was paid for the use of the defendant. They ought not to be compelled to resort solely to the parties to the judgment for information as to its integrity, if the nature of the transaction is such that other parties may give information.

I have not referred to the affidavits presented to support the judgment, for it is very plain that they having nothing to do with the question of the validity of these judgments, or with these motions. The question is one of regularity—of statutory regularity. The court of appeals have held that the statute intended to pronounce judgments by confession entered on insufficient statements, fraudulent and *void* as to other judgment creditors. (*Dunham* v. *Waterman*, 17 *N. Y. Rep.* 9.) How can a thing pronounced void by statute, be amended by affidavit?

The orders of the special term, setting aside the two first above mentioned judgments, and denying the motion to set aside the two last mentioned judgments, should be reversed, severally, with costs.

[NEW YORK GENERAL TERM, September 16, 1861. *Clerke, Sutherland* and *Barnard*, Justices.]