Price, garn. of Wilson, *vs.* De Ford.

(Decided July 9th, 1862.)

---

# AUGUSTUS M. PRICE, Garn. of WILSON, *vs.* CHARLES D. DE FORD, and WILLIAM Y. DE FORD.

The fact, that a deed of trust for the benefit of creditors, conveys the assets of several previous firms, of which the grantors had been members, and

makes no provision for the creditor of such firms, but only for the creditors of the last firm, does not avoid the deed.

Such an objection does not arise upon the face of the deed, and if made at all, could only be upon evidence *dehors* the deed, showing the existence of creditors of the antecedent firms, and that the assets of such firms were liable for their claims.

Power given to a trustee in a deed of trust for the benefit of creditors, "*to compound for any doubtful debts*" due the trust estate, is no objection to the deed.

A clause in such a deed, declaring that certain notes pledged by the grantors were made for their accommodation, and directing their return to the several makers, upon payment of the indebtedness for which they were pledged, does not justify the inference of fraud.

A deed for the benefit of particular creditors, not exacting releases, and not professing upon its face to convey all the grantor's property, is valid.

APPEAL from the Superior Court of Baltimore City.

*Attachment*, issued November 12th, 1857, on a judgment obtained by the appellees against Jos. C. Wilson, and laid in the hands of Price, as trustee of Wilson and Robt. W. Hyman. The garnishee pleaded *nulla bona*, and it was agreed that the object of the case was to test the validity of a deed of trust from Wilson and Hyman to Price, dated April 7th, 1857.

This deed recites, that the grantors had been partners, under the firm of J. C. Wilson & Co., and *as such*, were indebted to various parties in amounts, which they are at present unable to pay, and are desirous to convey their property for the payment of *said debts*, and then conveys to the trustee, all the estate, property, debts, &c., belonging to the grantors *as partners* under the firm of J. C. Wilson & Co., also all the estate, property, debts, &c., belonging to the late firm of Wilson, Young & Co., and belonging to the late firm of J. C. Wilson & Co., which was dissolved July 1st, 1854, in trust to sell, "as soon as conveniently may be, so much thereof as may be saleable, for the best price that can be reasonably had for the same, and collect so much thereof as is not saleable, but outstanding and collectable, and from the proceeds of such sales

and collections," to pay first, costs, charges, commissions, &c., and out of the residue, to pay *in full*, if sufficient, if not, *pari passu*, "all the debts, claims and demands, set out and enumerated," in schedule A, annexed to the deed, and then out of the balance, to pay in the same way the debts, &c., set out in schedule B, and then to pay the balance so far as it will go or may be necessary for the purpose, to all the other creditors of the grantors, as partners under the firm of J. C. Wilson & Co., with power to the trustee *"to compound for any doubtful debts;"* "and it is hereby agreed between the parties hereto, that all the notes mentioned in schedule C, annexed to the deed, were drawn by the makers for the accommodation of J. C. Wilson & Co., and used for their benefit, without value to the makers, all of which with other collaterals have been deposited with the parties named in said schedule C, and on payment of the indebtedness for which said notes are severally deposited as collaterals, said notes shall be returned to the several makers thereof, each to receive his note without any claim being made thereon or therefor by the trustee."

Two exceptions were taken by the garnishee to the rulings of the court below (LEE, J.) which are sufficiently stated in the opinion of this court, and from the judgment of condemnation he appealed.

The cause was argued before BARTOL, GOLDSBOROUGH and COCHRAN, J.

*John P. Poe* and *Wm. F. Frick*, for the appellant :

1st. The deed does not exact releases. It is a deed from co-partners, conveying *all* their co-partnership property and effects for the payment of *all* their co-partnership creditors. The fact that it also conveys the assets of antecedent firms, and makes no provision for the creditors of these firms, is an objection which does not arise upon the face of the deed, and which cannot be urged in this case. If the deed could be assailed at all on this ground, it must be by showing by evidence outside

of the deed, that *such creditors exist*, and that their rights have been affected thereby. In the case of *Meannel vs. Murdock*, 13 *Md. Rep.*, 177, a similar conveyance of the assets of several firms was held not to avoid the deed. See, also, 11 *Md. Rep.*, 563, *Sanderson vs. Stockdale*.

2nd. The power to *compound doubtful debts* due the trust estate, does not vitiate the deed. A similar provision was contained in the deed in the case of *McCall vs. Hinkley*, 4 *Gill*, 128, and no objection was urged to it on that ground. In the case of *Meannel vs. Murdock*, 13 *Md. Rep.*, 164, where the deed exacted releases, this very question was raised, and yet the deed was held valid:—that case must be decisive of this. See, also, 13 *Md. Rep.*, 404, *Fouke vs. Fleming*. 13 *Md. Rep.*, 544, *Berry vs. Matthews*. 15 *Md. Rep.*, 63, *Farquharson vs. Eichelberger*. 9 *Barb.*, 258, *Woodburn vs. Mosher*. 15 *Barb.*, 618, *Brigham vs. Tillinghast*.

3rd. The objection to the clause in regard to the notes, cannot avail. It merely assumes that these notes were not the property of the firm, and do not pass under the deed, and as this deed does not exact releases, it need not convey all the property of the grantors. The only ground on which this can be an objection to the deed is, by showing the declaration, as to these notes, to be *false*. It is a statement which, *if false*, makes the deed fraudulent *in fact*, and its falsity must be shown by evidence *dehors* the deed.

*Geo. H. Williams* and *I. N. Steele*, for the appellees:

1st. The deed conveys all the effects and property of three firms to pay the debts of one firm, and makes no provision for the payment of the debts of the two other firms, or of the individual grantors. This is an objectionable feature in the deed, and renders it void.

2nd. The deed gives the trustee power to compound debts. This objection is an open question in this State:—it has not been decided in any of the other cases. In 4 *Paige*, 41, *Wakeman vs. Grover*, the chancellor decided such a clause to

be objectionable, and condemned the deed on this and other grounds, and in the same case, on appeal, in 11 *Wend.*, 203, the same decision was made. And these were cases of compounding with *creditors*, a feature much less objectionable than the power to compound *debts*. 3 *Scammon*, 583, *Hudson vs. Maze*, refers to the New York cases, and adopts their views. See, also, 29 *Barb.*, 546, *Jessup vs. Hulse*, 16 *New York*, 566, *Dow vs. Platner*.

3rd. It is *stipulated* and *agreed* in the deed, that certain notes held or pledged by the grantors were made for their accommodation, and should be returned to the makers; so that the creditors cannot take under the deed without being bound by this agreement, whether it is founded in truth or falsehood. Such a provision is an onerous and unreasonable condition, and may operate as a fraudulent reservation to the grantor, and avoids the deed. 7 *Md. Rep.*, 380, *Exchange Bank vs. Inloes.* 7 *Md. Rep.*, 268, *Lanahan vs. Latrobe.*

Cochran, J., delivered the opinion of this court.

This appeal was taken from a judgment of condemnation upon an attachment issued on a judgment, obtained by the appellees against Joseph C. Wilson, and laid in the hands of Augustus M. Price, to whom Wilson and one Robert W. Hyman had executed a deed of certain property belonging to them, as co-partners, in trust for the benefit of their creditors.

Before the trial below, the parties entered into an agreement that the case should be tried for the purpose of testing the validity of the deed of trust, and admitting the respective amounts of the appellees' claim, and of assetts in the hands of the garnishee.

The record presents two exceptions, the first of which was taken to the rejection of a part of the evidence of B. M. Heighe, offered on behalf of the appellant; and the second, to the instruction granted upon the appellees' prayer declaring the deed, as against them, invalid and void.

The agreement filed in the case renders the consideration of

the question raised on the first exception unnecessary. The effect of the evidence rejected would have been to show, from the knowledge of the witness, and from declarations made to him by both Wilson and Hyman, their relative interests in the property and assets in the hands of the garnishee, and the particular sources from which they were derived. In no aspect of the case, had the evidence been admitted, could it affect the appellees, as by the agreement, their rights must be determined by the character of the deed.

The objections urged by the appellees, in support of the instruction against the validity of the deed, were, 1st, because the property and effects of three firms were assigned by it, in trust for the benefit of the creditors of one firm, without any provision for the payment of the debts of the other two; 2nd, because it contains a power to the trustee to compound doubtful debts due to the trust estate; and 3rd, because it declares that certain notes, pledged by the grantors, were made for their accommodation, and directs their return to the several makers, upon payment of the indebtedness for which they had been pledged.

We shall consider these objections in the order stated. In the argument of the case it was not pretended, that Wilson was not entitled to the property mentioned in the deed, as having belonged to the firms of Wilson, Young & Company, and J. C. Wilson & Company, nor that such property did not, at the time of executing it, belong to the firm composed of Wilson and Robert W. Hyman.

On the contrary, the appellees were obliged to assume, in accordance with the theory of their case, that the property so described was property of Wilson, and as such liable to condemnation on their attachment. The first of the objections to the deed was made to depend, not upon a want of title in Wilson to the property in question, but upon the devotion of it to the payment of the debts of the grantors, as co-partners, without regard to the creditors of the antecedent firms, in which Wilson had been a partner, and in that form it presents the

single question, whether the preference of creditors thus de-clared avoids the deed? We think it does not. The question, as to the right of the creditors of the antecedent firms to satis-faction of their claims, out of the assetts of those firms, does not arise upon the face of this deed, and if made at all, it could only be upon evidence *dehors* the deed, showing the existence of such creditors, and some understanding or contract by which the assets of those firms were charged with, or made liable for, their claims. The cases of *Meannel vs. Murdock*, 13 *Md. Rep.*, 164, and *Sanderson vs. Stockdale*, 11 *Md. Rep.*, 563, fully justify this conclusion. The fact that no provision was made for the creditors of the antecedent firms, in which Wilson had been a partner, does not, in our opinion, avoid the deed.

The objection made to the deed because of the power given to the trustee to compound doubtful debts, we think is also un-tenable. That power is not inconsistent with the interest of credi-tors entitled to the benefit of the deed, nor is it of such a char-acter as to secure any improper advantage to the grantors. The execution of the power would diminish the nominal as-sets, and in that respect operate adversely to the grantors, and on the other hand, the interest of those entitled to claim under the deed would be subserved by avoiding the delay incident to the recovery of doubtful debts, and by effecting a more speedy realization and distribution of the assets. It cannot be construed as a reservation to the grantors of any power over, or control of, the property conveyed. In some States it has been held, that the power to a trustee, for the benefit of credi-tors, to compound with them, would avoid the deed containing it, but upon that point, we express no opinion. We think the deed in this case is not rendered invalid by the power objected to. *Dow vs. Platner*, 16 *N. Y. Rep.*, 562.

It was contended, in support of the last objection to the deed, that the declaration contained in it that certain notes were made for the accommodation of the grantors, and direct-ing their return to the makers, might operate as a fraudulent reservation to the grantors, and for that reason would avoid

the deed. As the effect of that clause was to except the notes mentioned from the operation of the deed, and to bar the grantors of the right to recover upon them, we think it does not justify the inference of fraud. But conceding that the grantors did by that clause reserve to themselves a property or interest in the notes, the objection then presents the question whether a deed for the benefit of particular creditors, which does not exact releases, and does not upon its face profess to convey all of the grantors' property, is valid? This point was affirmatively decided in the case of *Berry vs. Matthews*, 13 *Md. Rep.*, 537. There seems to be no reason why the deed in this case should be declared void, and we shall therefore reverse the judgment.

· · *Judgment reversed, with leave to*
*to take out a procedendo.*

(Decided July 9th, 1862.)