Cook and others, Respondents, vs. VAN HORN, imp., Appellant.

*November 21, 1891 — February 23, 1892.*

*Foreign voluntary assignment: Validity: Comity.*

A foreign voluntary assignment, valid in the state where executed, will be sustained in this state as to the personal property of the assignor within the state, on the ground of judicial comity. And an attachment of such property in this state by creditors of the assignor, levied after the assignment was made but before the assignee had perfected his title by filing the bond, etc., required by the laws of the state where the assignment was made, will be held void where, under the laws of that state, the title had passed from the assignor and the assignee had such ownership as was in any one.

APPEAL from the Circuit Court for *Bayfield* County.

Replevin for a quantity of lumber. Prior to October 10, 1888, the lumber was owned by one Lane, a citizen of Mich-

igan, who on that day executed an assignment in Michigan, for the benefit of his creditors, to one Clark, who accepted the trust. Said assignment was fully perfected under the laws of Michigan, October 19, 1888, by the filing of the same in the proper office, with list of creditors, inventory of property, and an approved bond. The laws of Michigan, then in force, governing such assignments, were as follows:

"That all assignments commonly called common-law assignments for the benefit of creditors shall be void unless the same shall be without preferences as between such creditors, and shall be of all the property of the assignor [not] exempt from execution, and unless such instrument of assignment or a duplicate thereof, an inventory of the assigned property, a list of creditors of the assignor, and a bond for the faithful performance of the trust by the assignee, shall be filed in the office of the clerk of the circuit court of the county where such assignor resides; or, if he is not a resident of this state, then of the county where the assignee resides; if neither are residents of this state, then of the county where the assigned property is principally located, within ten days after the making thereof.

"Such assignment shall convey to the assignee all property of the assignor not exempt from execution, and all rights, legal or equitable, of said assignor: *provided,* that no such assignment shall be effectual to convey the title to the property of the assignor or assignee until such bond shall be executed, filed with and approved by said clerk: *and provided,* further, that no attachment or execution levied upon any assigned property of such assignor, after such assignment and before the expiration of the time provided herein for filing such bond, shall be valid or create any lien upon such property."

Clark, the assignee, took actual possession of the property October 12, 1888, at noon of that day. Upon the same day an action was begun in the circuit court of Bayfield county by Green and others against Lane, in which a writ of attachment was issued, and by virtue thereof the defendant *Van Horn,* as sheriff, at 7 o'clock P. M., seized the property in question. Before the commencement of this action Clark had transferred to the plaintiffs all his rights to the property under said assignment. The attaching creditors are not residents of this state nor of Michigan.

Cook and others vs. Van Horn.

The circuit court, upon these facts, which are undisputed, rendered judgment for the plaintiffs, from which defendant *Van Horn* appeals.

For the appellant there was a brief by *Tomkins & Merrill*, and oral argument by *W. M. Tomkins.* As to the extra-territorial effect of foreign assignments for the benefit of creditors, the Massachusetts court has held that voluntary assignments, the only consideration of which is the acceptance of the trust by the assignee, are invalid against attachments except so far as assented to by creditors; and assent is not to be presumed, but must be shown by some affirmative act. *Faulkner v. Hyman,* 142 Mass. 53. See, also, *Van Winkle v. Armstrong,* 41 N. J. Eq. 402; *Richardson v. Rogers,* 45 Mich. 591. In New York (*In re Waite,* 99 N. Y. 433.) it is held that from comity the title of a foreign statutory assignee will be recognized and enforced there when that can be done without injustice to its own citizens and without prejudice to the rights of creditors pursuing their remedies in that state under its statutes, and provided such titles are not in conflict with the laws or public policy of that state. See, also, *May v. First Nat. Bank,* 10 N. E. Rep. (Ill.), 202. The case of *Mowry v. Crocker,* 6 Wis. 326, is not in conflict with this view. In that case (1) there was no tangible or specific property within the jurisdiction of the court; (2) the assignment had been perfected; (3) both parties in the Wisconsin courts were residents of the state where the assignment had been made, and the claimant had long had notice thereof; and (4) there was nothing in the proceedings in conflict with the statutes of Wisconsin. In this case when the attachment was levied the assignment had not been completed by the filing and approval of the assignee's bond, etc. It will not be seriously urged that the Michigan statute, providing that no such attachment shall be valid, can have any extra-territorial effect. Potter's Dwarris, Stat. 361; *Bradstreet v. Clark,* 65 Iowa,

.670; *Kyle & Co. v. Montgomery,* 73 Ga. 337; *Burlington & M. R. Co. v. Thompson,* 31 Kans. 180. The supreme court of Michigan has held that no title passes to the assignee unless bond is filed, nor until the bond is approved. *Beard v. Clippert,* 63 Mich. 716; *People v. Colerick,* 67 id. 362. See; also, *Fuller v. Hasbrouck,* 46 id. 78; *Sibley v. Prescott Ins. Co.* 57 id. 14; *Munson v. Ellis,* 58 id. 331.

For the respondents the cause submitted on the brief of *Jenkins & Jenkins,* attorneys, and *L. W. Wolcott,* of counsel.

The following opinion was filed December 15, 1891:

WINSLOW, J. This court early recognized the doctrine that a foreign voluntary assignment, valid in the state where executed, will be sustained in this state as to the personal property of the assignor within the state, on the ground of judicial comity. *Mowry v. Crocker,* 6 Wis. 326. That doctrine has not been disturbed since it was laid down in the case cited, and we shall not disturb it now. *McClure v. Campbell,* 71 Wis. 350, does not affect it. This principle is decisive of this case. Title to the property in question had passed from Lane prior to the seizure upon attachment. It is true that the assignee's title was subject to a contingency in the nature of a condition subsequent, which might defeat his power to act; but he had such ownership as was in any one. *Sibley v. Prescott Ins. Co.* 57 Mich. 14. Lane certainly had no title under the decisions of the supreme court of Michigan, and, if he had no title, the attachment falls.

*By the Court.*— Judgment affirmed.

Upon a motion for a rehearing there were briefs for the appellant by *Tomkins & Merrill,* attorneys, and *Henry Elliston,* of counsel. They contended, *inter alia,* that the courts of this state should not carry the rule of comity to the extent of giving effect to such an assignment, as against

persons invoking the aid of the courts here, in the face of such a conflict of law and public policy as exists between Michigan and Wisconsin. *Hervey v. R. I. L. Works*, 93 U. S. 664; *Barnett v. Kinney*, 23 Pac. Rep. (Idaho), 922; *Sheldon v. Blauvelt*, 29 S. C. 453; *The Watchman*, 1 Ware (Me.), 232; *Johnson v. Parker*, 4 Bush (Ky.), 153; *Bryant v. Brisbin*, 26 Mo. 423; *Green v. Van Buskirk*, 7 Wall. 150; *Guillander v. Howell*, 35 N. Y. 657–661; *Warner v. Jaffrey*, 96 id. 254, 258; *Woodward v. Brooks*, 128 Ill. 227; *Hibernia Nat. Bank v. Lacombe*, 84 N. Y. 367; *Rhawn v. Pearce*, 110 Ill. 358; *Heyer v. Alexander*, 108 id. 385; *Chafee v. Fourth Nat. Bank*, 71 Me. 514; *Pierce v. O'Brien*, 129 Mass. 314; *Faulkner v. Hyman*, 142 id. 54; *Dunlap v. Rogers*, 47 N. H. 288; *Sheldon v. Wheeler*, 32 Fed. Rep. 773; *Olivier v. Townes*, 2 Martin (La.), 98–99.·

The motion was denied February 23, 1892.