WILLIAM T. MOORE *vs.* THE LAND, TITLE AND TRUST COMPANY AND FRANCIS S. BROWN, ASSIGNEES, ETC.

*Assignment for Benefit of Creditors Executed by a Non-Resident—No Bond by the Trustee need be Filed in this State When Only Personal Property here is Conveyed—Conflict of Laws—Attachment.*

As a general rule the validity of a transfer of personal property is governed by the law of the domicil of the owner, and this rule is applicable to a *voluntary* general assignment for the benefit of creditors which does not contain preferences invalid under the law of the State where the property is situated.

The provisions of Code, Art. 16, sec. 205, requiring a trustee for the benefit of creditors to file an approved bond before title to the property shall pass, do not apply to an assignment for the benefit of creditors executed by a resident of another State conveying *choses in action* and personal property situated in this State.

A general assignment for the equal benefit of creditors executed by a resident of another State, valid by the laws of that State, and valid at common law, which conveys debts and *choses in action* belonging to the assignor and situated in this State, operates to vest such property in the assignee and the same is not afterwards liable to attachment by a creditor residing in this State.

The case of *White* v. *Pittsburg National Bank*, 80 Md. 1, distinguished.

Appeal from an order of the Superior Court of Baltimore City striking out a judgment of condemnation and quashing an attachment. The case is stated in the opinion of the Court.

The cause was submitted to the full Bench in briefs filed by *J. Cookman Boyd* for the appellant, and *John V. L. Findlay* and *Thomas MacKenzie* for the appellees.

BRISCOE, J., delivered the opinion of the Court.

On May 18th, 1894, the Supreme Lodge Order of Tonti, a corporation created under the laws of the State of Penn-

sylvania, executed a general assignment of all its property, real and personal, to the Land, Title and Trust Company, and Francis Shunk Brown, of Philadelphia, in trust for the equal benefit of all its creditors. It is agreed in the record that this deed is valid under the law of Pennsylvania governing assignments, and that the trustees named filed an approved bond for the performance of the trust. On the same day that the deed was executed and recorded in Philadelphia a duplicate was filed for record in the Clerk's office of the Superior Court of Baltimore City, but the trustees have filed no bond in this State. On June 1st, 1894, the appellant, William T. Moore, sued out of the Superior Court an attachment against the Order of Tonti, as a non-resident debtor, alleging an indebtedness to the plaintiff in the sum of $1,000. The writ was laid in the hands of the National Bank of Commerce as garnishee, and on June 22, of the same year, a confession of assets was filed stating that on June 1st, 1894, the Supreme Lodge of the Order of Tonti had to its credit on the books of the bank the sum of $14,231.75. And thereupon a judgment was entered for amount of the plaintiff's claim. Shortly afterwards the appellees moved the Court to strike out the judgment and to quash the attachment, and from the order striking out the judgment and quashing the attachment this appeal has been taken.

We have then the case of a general assignment for the equal benefit of creditors, executed by a resident of another State, and valid under the laws of that State, and valid at common law, which conveys debts and other choses in action belonging to the assignor and situate in Maryland. The appellant contends that this assignment, although recorded in this State, did not operate to convey title to the trustees so as to defeat his attachment, because the statute of this State (Code, Art. 16, sec. 205), requiring trustees for the benefit of creditors to file an approved bond was not complied with. Now there can be no doubt that each State has the right to regulate the transfer of personal prop-

erty (and here we are dealing with personalty alone), owned by non-residents but situate within its limits, and it is held that although a foreign contract or assignment may be valid in the State where made it will not be enforced in another, if repugnant to the law or policy of the latter State. *B. & O. R. R. Co.* v. *Glenn,* 28 Md. 287 ; *Towsend* v. *Coxe,* 151 Ill. 62. But the general rule is that the validity of a transfer of personal property is governed by the law of the domicil of the owner, according to the maxim *mobilia sequuntur personam.*

This rule is applicable to voluntary general assignments for the benefit of creditors. *Black* v. *Zacharie,* 3 Howard, 514; *Barth* v. *Backus,* 140 N. Y. 230. The effect thus given to foreign assignments of personal property is based upon inter-State comity. *Smith's Appeal,* 104 Pa. St. 381. There is quite a conflict or variety in the decisions of the States as to the effect to be given to foreign assignments for the benefit of creditors when they contain preferences valid by the law of the State where the assignor is domiciled, but invalid under the law of the forum where property of the assignor is situated, and whose citizens are creditors of the assignor. This question, however, does not arise in this case, since the assignment here is for the equal benefit of all the creditors of the assignor and is valid in this respect under the laws of Maryland as well as under the law of Pennsylvania. The question, then, for us to consider is whether Code, Art. 16, sec. 205, applies to an assignment executed in another State by a party there domiciled.

The statute provides that every trustee to whom any estate, real or personal, shall be conveyed for the benefit of creditors, shall file with the Clerk of the Court in which the deed may be recorded a bond conditioned for the faithful performance of the trust, and no title shall pass to any trustee until such bond shall be filed and approved. In the cases of *Stiefel and Cohen* v. *Barton,* 73 Md. 410, and *The Fidelity and Deposit Company* v. *Harris and Stokes,* 78 Md. 454, this Court held that the filing of the bond and

its approval by the Clerk of the Court was a condition pre-
cedent to the vesting of the title in the trustee.    But there
we were dealing with assignments executed in this State
and the question here under consideration was not presented
in those cases.

Here the provisions of the statute must be considered in
connection with the general rule that the validity of trans-
fers of personal property is governed by the law of the
owner's domicil and so considered, it is clear that there was
no intention on the part of the Legislature by this law to
limit the right of non-residents to transfer their personal
property situated here or to change the then existing law.
In many cases statutes providing for the mode in which per-
sonal property shall be transferred have been held not appli-
cable to non-resident owners but construed as binding only
upon residents of the State.    In *Wilson* v. *Carson,* 12 Md.
54, there was an assignment for the benefit of creditors
made in Kentucky by parties owning property in Maryland,
upon which attachments were subsequently laid here.    It
was objected that since the deed was not recorded within
twenty days in the county where the assignors resided, it
was invalid under the Act of 1729, ch. 81.    The Court
held that this provision was not intended to apply to a deed
made in another State, and that the validity of the transfer
was to be tested exclusively by the law of Kentucky, upon
the ground that the *situs* of personal property for such gen-
eral transfer is the domicil of the owner.    And in *Houston*
v. *Nowland,* 7 G. & J., 480, a deed executed in Delaware,
valid under the law of that State but not recorded accord-
ing to the laws of this State, was held to defeat an attach-
ment in Maryland of choses in action due to the assignor.
In *B. & O. R. R. Co.* v. *Glenn,* 28 Md. 287, a Virginia cor-
poration executed an assignment for the benefit of creditors
which was void under the law of Maryland, but valid under
the law of Virginia.    This Court said that since the deed
was valid in Virginia it must be held to be valid here unless
repugnant to some law or policy of this State.    In dispos-

ing of the question whether the deed was so repugnant, the Court said : " We are not aware of any law or rule of construction which prohibits the enforcement of a contract not made in this State, according to the law of the place where it was made, although our citizens, from reason of State policy, may not be permitted to make a similar contract here.   A different rule would be to attempt the enforcement of our local policy upon all other people and recognize no contract not conformable to our peculiar views. Transfers of personal property within our limits belonging to parties abroad may be made according to the foreign laws where our own citizehs, in transferring similar property, are required to conform to our laws regulating such transfers."    In *Cook* v. *Van Horn,* 81 Wis. 291, it was held that " a foreign voluntary assignment, valid in the State where executed, will be sustained in this State as to property of the assignor within the State on the ground of judicial comity.   An attachment of such property in this State by a creditor of the assignor, levied after the assignment but before the assignee had perfected his title by filing bond required by the law of the State of the domicil, will be held void, since under the law of that State title had passed from the assignor."    And see *Barnett* v. *Kenny,* 147 U. S. 476; *In re Paige and Lexsmith Lumber Co.,* 31 Minn. 136; *Butler* v. *Wendell,* 57 Mich. 62; *Chaffee* v. *Fourth National Bank,* 71 Me. 514; *Ockerman* v. *Cross,* 54 N. Y. 29.

This case is altogether different from that of *White et al.* v. *Pittsburg National Bank of Commerce,* 80 Md. 1, as in the latter it was necessary to record the deed of trust in Allegany County, as the grantors owned real estate there, and the provisions of Art. 16, above cited, were applicable to it.   It was also necessary to report the sale to the Circuit Court of that county, and for that Court to take jurisdiction of the case, which was done after the sale was made. In the present case it was not necessary to record the deed of trust to affect the fund in controversy, and hence the provisions of Art. 16 are not applicable to it.   These pro-

visions require the bond to be filed with the Clerk of the
Court in which the deed or instrument creating the trust is
to be recorded.   It is manifest that if the deed is not re-
quired to be recorded at all in this State, then no bond is
to be filed or given in this State.   It is clear, then, from
what has been said, that the provisions of the Code, Art. 16,
sec. 205, requiring a trustee for the benefit of creditors to
file an approved bond, apply only to assignments of this
kind, of debts and choses in action executed in this State.
   The judgment quashing the attachment will be affirmed.
                                    *Judgment affirmed with costs.*
(Decided January 8th, 1896.)