## THE UNITED RAILWAYS AND ELECTRIC CO., GARNISHEE, *vs.* W. L. ROWE, ADMINISTRATOR.

*Assignment in Trust of Judgment to be Recovered—When Bond not Required from Trustee Under Code, Art. 16, sec. 205—Attachment.*

The plaintiff in a pending action executed an assignment of her interest in the judgment that might be recovered to her counsel as trustee with directions to pay himself one-half of the amount of such judgment and to pay the balance to her physician for his claim and to such other persons as she should designate. An order was filed in the case directing the judgment to be entered to the use of the assignee. Afterwards a party holding a decree against the plaintiff laid an attachment on the decree in the hands of the defendant in the action at law, and subsequently that defendant agreed to pay a sum of money in satisfaction of the claim sued on subject to the rights of the attaching creditor. There was no evidence to show that the assignment was fraudulent as against creditors. Code, Art. 16, sec. 205, provides that every trustee to whom any estate shall be conveyed for the benefit of creditors shall file with the Clerk of the Court in which the instrument creating the trust is recorded a bond and that no title to the property shall pass until such bond be approved. *Held,* that this provision of the Code is not applicable to such a partial assignment as was made in this case and that consequently, in the absence of fraud, the same is valid without a bond as against the attaching creditor.

Appeal from the Circuit Court No. 2, of Baltimore City (HARLAN, C. J.)

The cause was argued before McSHERRY, C. J., BRISCOE, PAGE, BOYD, PEARCE and SCHMUCKER, JJ.

*William S. Bryan, Jr.,* (with whom were *Fielder C. Slingluff* and *Hyland P. Stewart* on the brief.), for the appellant.

*J. Kemp Bartlett* (with whom was *Chas. Lee Merriken* on the brief), for the appellee.

BRISCOE, J., delivered the opinion of the Court.

On the 21st of April, 1902, Charlotte W. McPherson, the appellee's decedent, obtained a decree *in personam* against

Ulyssia S. G. Swindell for the sum of $1,801 in the Circuit Court No. 2, of Baltimore City, being a balance due on a mortgage, under a foreclosure proceeding.

On the 26th of April, 1902, an attachment was issued on this decree and was laid in the hands of the appellant, the United Railways and Electric Company of Baltimore City, garnishee, of Swindell, to recover a claim in a damage suit instituted by Mrs. Swindell against the Electric Company for personal injuries alleged to have been sustained by her.

On the 25th of October, 1901, the following order was filed in the case:

Mr. Clerk:—Enter the above case and the judgment to be recovered thereon to the use of Hyland P. Stewart.

Hyland P. Stewart,<br>Attorney for plaintiff.

It appears from the record, that Mrs. Swindell executed and delivered to Mr. Stewart, her attorney in the case, the following paper:

For value received I hereby assign and set over unto Hyland P. Stewart, trustee, all my right, title and interest, in the above case, and in the judgment that may be recovered in the above entitled case, to pay himself personal one-half part of the whole amount recovered; to pay Dr. J. J. Ingle his bill for professional services, if sufficient remain, and the balance if any, to such person or persons as I shall direct.

Witness my hand and seal this 28th day of February, 1901.

Test: T. B. Layfield.        Ulyssia K. Swindell, (Seal).

It also appears that a prior order, dated the 8th of February, 1900, had been given by Mrs. Swindell to enter the judgment that may be recovered in the case for the use of Mr. Stewart to the extent of one-half thereof, but this order was not filed in the case.

It further appears that the damage suit was entered settled on the 15th of September, 1902, by an agreement between Mr. Stewart, assignee, and Mr. Slingluff, attorney for the United Railways and Electric Company, by the payment of fifteen hundred dollars to be held subject to the decision in the attachment suit.

The case at bar was heard in the Circuit Court No. 2, of Baltimore City, and from a decree of that Court, passed on the 11th day of March, 1903, directing that the garnishee pay to the appellee the sum of seven hundred and fifty dollars in full settlement of its liability this appeal has been taken.

The defense relied upon by the appellant at the trial below and urged here is, that there were no credits due at the date of the attachment by the garnishee to the plaintiff subject to attachment.   The Circuit Court of Baltimore City overruled the motion to quash upon the ground that the assignment of February 28th, 1901, was in contravention of sec. 205 of Art. 16 of the Code, which requires every trustee to whom any estate real, personal or mixed, shall be limited or conveyed for the benefit of creditors to file with the Clerk of the Court in which the deed or instrument creating the trust is to be recorded, a bond,  *   *   *  which bond shall be recorded in the office of the Clerk, &c., &c.   No title shall pass to any trustee until such bond shall be filed and approved.

The assignment to Mr. Stewart, dated February 8th, 1900, of one-half of the judgment that may be recovered was sustained and declared to be valid.   The question, then, for us to consider is whether sec. 205 of Art. 16 of the Code applies to an assignment, such as the one in this case, so as to defeat the defense relied upon by the garnishee.

We cannot agree that it was necessary to record this assignment from Mrs. Swindell to Mr. Stewart to make it valid and operative.   It was not an assignment by a debtor for the payment of his debts generally within the meaning of the Code referred to, and hence its provisions are not applicable to this case.   In *Moore* v. *Title and Trust Company*, 82 Md. 292, this Court said in construing this statute, the bond required by the statute was to be filed with the Clerk of the Court in which the deed or instrument creating the trust is to be recorded and that if the deed is not required to be recorded at all, then no bond is to be given.

Assignments of specific property for the benefit of particular creditors, in the absence of fraud, are sustained by the Courts.

*Green* v. *Trieber*, 3 Md. 30; *Price* v. *Deford*, 18 Md. 489; *Fouke* v. *Fleming*, 13 Md. 392; *Stockbridge* v. *Franklin Bank*, 86 Md. 200.

There being no fraud shown in the case to impeach the assignment it must be held as valid.

In this view of the case, it becomes unnecessary to discuss the other questions raised on the record, and the decree of the Court will be reversed, the cause remanded to the end that an order may be passed granting the motion to quash the attachment issued in the case.

*Decree reversed, and cause remanded,*
*with costs.*

(Decided July 1st, 1903.)